Anthony L. Martin
anthony.martin@ogletreedeakins.com
Nevada Bar No. 8177
Jamie L. Zimmerman
jamie.zimmerman@ogletreedeakins.com
Nevada Bar No. 11749
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendants*
*CertainTeed Gypsum Manufacturing, Inc.*
*and Saint-Gobain Corporation*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ALLEN KATYNSKI,<br><br>Plaintiff,<br><br>vs.<br><br>CERTAINTEED GYPSUM MANUFACTURING, INC., SAINT-GOBAIN CORPORATION; and DOES I through X, and ROE CORPORATIONS I through X,<br><br>Defendants. | Case No.: 2:13-cv-00752-APG-PAL<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF INFORMATION AND DOCUMENTS** |

Plaintiff Allen Katynski ("Plaintiff") has filed an action in the above-captioned Court against Defendants CertainTeed Gypsum Manufacturing, Inc. ("CGM") and Saint-Gobain Corporation ("Saint-Gobain") (CGM and Saint-Gobain are sometimes referred to collectively herein as "Defendants"), alleging: (1) wrongful termination; (2) breach of the implied covenant of good faith and fair dealing; and (3) intentional infliction of emotional distress. Defendants deny Plaintiff's claims and that he is entitled to any relief.

Plaintiff is expected to and has requested "Confidential," non-public information and documents from Defendants, including, but not limited to, personnel files, investigative files,

work-related injuries, and other information and documents regarding certain of CGM's employees, who are not, and are not expected to be, individual parties to this action. Plaintiff is also expected to and has requested documents related to Defendants' business operations. Defendants consider this information and documents to be private, confidential, proprietary, and/or trade secret. Defendants are expected to and have requested information and documents relating to Plaintiff's compensation and personal finances, employment history, education, and medical treatment, which Plaintiff considers to be private and confidential.

Discovery in this case will require the production of documents, inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions, during which the aforementioned proprietary, confidential, trade secret, and/or private information and documents of the parties will be exchanged and disclosed. To expedite the flow of discovery without risk of automatic waiver of privilege or work product protection, facilitate the prompt resolution of disputes over confidentiality, and protect adequately material entitled to be kept confidential, the parties agree to limit the disclosure and use of proprietary, trade secret, confidential, and private information and documents as stipulated to pursuant to this Protective Order on the following terms:

**I.     DEFINITIONS**

The following definitions shall apply to this Protective Order:

A.   This "Action" shall refer to the above-captioned proceeding in the United States District Court, District of Nevada, and any appeal thereof through final judgment.

B.   "Producing Party" shall mean any person or entity producing documents, information, or other materials in this Action, including any party to this Action or any third-parties.

C.   "Party" shall mean the Plaintiff and Defendants in this Action, and any other person that may become a named-party to this Action.

D.   "Confidential" information shall be defined as such documents, deposition testimony, or other information disclosed during discovery in this Action which the Producing Party or another party reasonably, and in good faith, contends contains

information that should be protected from disclosure pursuant to this Protective Order. Any party may designate any information or documents as "Confidential" in the reasonable exercise of such party's sole discretion; provided, however, by agreeing to this Protective Order, no party waives the right to challenge any other party's designation of any information or document as "Confidential."

E. "Attorneys' Eyes Only" information shall be defined as such documents, deposition testimony, or other information disclosed during discovery in this Action that the Producing Party or another party reasonably, and in good faith, contends contains "Confidential" information of a nature requiring extraordinary protection and that the Producing Party believes should not be in the physical possession of an opposing party to this Action. Any party to this Action or any Producing Party may designate such information and documents as "Attorneys' Eyes Only" in the reasonable exercise of such party's sole discretion; provided, however, by agreeing to this Protective Order, no party waives the right to challenge any other party's designation of any information or documents as "Attorneys' Eyes Only."

F. "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential" or "Attorneys' Eyes Only."

G. When reference is made in this Protective Order to any document or party, the singular shall include the plural, and plural shall include the singular.

II. **DESIGNATION OF INFORMATION AND DOCUMENTS**

A. When any documents or things produced under this Protective Order are designated "Confidential" or "Attorneys' Eyes Only," a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection. When information produced in answer to an Interrogatory, or response to a Request for Production or Request for Admission is designated as "Confidential" or "Attorneys' Eyes Only," the response or answer shall be preceded with the appropriate designation.

3

B. Some documents being produced by both Plaintiff and Defendant may contain social security numbers and dates of birth of CGM's current or former employees. Without need of any designation, social security numbers and dates of birth will be deemed to be "Confidential." The parties will make an effort to redact all social security numbers prior to production. In the event a document is produced without the redaction of a social security number, any party seeking to use the document will redact the social security number before its use in a deposition, court proceeding, or court filing.

C. The initial failure to designate information or documents as "Confidential" or "Attorneys' Eyes Only" in accordance with this Protective Order shall not preclude the Producing Party from, at a later date, designating any information or documents as either "Confidential" or "Attorneys' Eyes Only." The Producing Party may, by written notice to counsel of record for the receiving party, designate previously produced information or documents as "Confidential" or "Attorneys' Eyes Only," which it had inadvertently failed to designate. Upon receipt of such notice, the receiving party shall promptly mark its copies of the information or documents so designated, and shall thereafter, treat the information and documents as if it had been designated "Confidential" or "Attorneys' Eyes Only" and shall restrict the disclosure or use of the information or documents in accordance with this Protective Order. If the information or documents have previously been disclosed to non-parties, the parties shall take reasonable steps to obtain all such previously disclosed information or documents and advise the non-parties to treat the designated materials in a manner that is consistent with this Protective Order and as though the information and documents were originally so designated.

### III. LIMITATIONS

A. This Protective Order shall govern only documents, information, and materials generated or produced in response to any method of discovery conducted by any party to this Action, and used in the prosecution and defense of this Action.

B. Persons obtaining access to "Confidential" or "Attorneys' Eyes Only" information under this Protective Order shall use the information only for the preparation of and the trial in this Action. Persons shall not use such information for any other purpose, including business, commercial, personal, administrative, or judicial proceedings.

C. Nothing contained in this Protective Order shall require any party to treat as "Confidential" or "Attorneys' Eyes Only" documents or information lawfully obtained by means other than through discovery in this Action and under circumstances that would lead a reasonable person to conclude that the documents or information were not intended to be kept confidential by the recipient; provided, however, that nothing in this Protective Order shall authorize any use of documents or information which is otherwise impermissible.

IV. **PERMISSIBLE DISCLOSURES/ACCESS**

A. Except as set forth herein, "Confidential" information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court on the condition that the Court enters an order similar to this Protective Order and/or to: (a) the parties in this Action, including their agents, officers, directors, and employees, but only to the extent that such disclosure is necessary for the conduct of litigation in this Action; (b) outside counsel for the parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees, or agents; (c) experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the parties to this Action, or their counsel to assist in preparation of this Action for trial; (d) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for this Action; (e) stenographic reporters who are involved in depositions, the trial, or any hearings or proceedings before the Court in this Action; (f) people who have previously received or created the document; and (g) witnesses in this Action who need to review this material in connection with their testimony in this Action.

"Confidential" information may be disclosed to persons listed in this paragraph only after such person has been shown a copy of this Protective Order and agrees to be bound by the terms of this Protective Order in the form attached hereto as Exhibit A. In the event an authorized person does not execute Exhibit A expressly agreeing to be bound by the Protective Order, the parties and the Court will nevertheless deem the authorized person to be so bound.

B. "Attorneys' Eyes Only" information, and any facts or information contained therein or derived there from, shall be disclosed only to the Court on the condition that the Court enters an order similar to this Protective Order and/or to: (a) litigation counsel of record for the parties hereto and such counsel's employees, paralegals or other secretarial and clerical employees and clerical agents; (b) persons who prepared or assisted in the preparation of such documents or material, or to whom the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is necessary for the conduct of litigation; (c) experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the parties to this Action or their counsel to assist in preparation of this Action for trial; and (d) stenographic reporters who are involved in depositions, the trial, or any hearings or proceeding before the Court in this Action. "Attorneys' Eyes Only" information may be disclosed to the authorized persons listed in this paragraph only after such persons have been shown a copy of this Protective Order and agree to be bound by the terms of this Protective Order in the form attached hereto as Exhibit A.

V. **DECLASSIFICATION**

Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all documents and other discovery materials designated "Confidential" or "Attorneys' Eyes Only" shall be treated as such under this Protective Order. In the event that any party objects to the designation of any document, the objecting party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

A. At any time, the receiving party of any document or information designated "Confidential" or "Attorneys' Eyes Only" may notify the Producing Party, in writing, that the receiving party does not concur in the designation or redaction. The parties shall attempt to resolve such challenges informally. In the event that such attempts are not successful, the designating party may file a motion seeking to uphold the designation, and the Court shall make an independent determination as to whether or not any given document or information is "Confidential" or "Attorneys' Eyes Only" and/or properly redacted based upon facts then existing, and in so doing, the Court shall not be bound by any party's designation; provided, however, that such documents or discovery material shall be deemed "Confidential" or "Attorneys' Eyes Only" unless and until the Court rules otherwise. The party or entity making the designation must show that there is good cause for the document or information to have such protection.

B. ~~In the event that any party files a motion to uphold a designation or redaction of information, the document or information shall be submitted to the Court for *in camera* inspection.~~ [Stricken by the court.]

VI. **DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS**

A. In the case where "Confidential" or "Attorneys' Eyes Only" information or documents are used or revealed during a deposition, designation of the transcript or any portion thereof, including the designated documents or other exhibits, as "Confidential" or "Attorneys' Eyes Only" may be made by a statement by a party, counsel, or the witness on the record, so that the stenographer transcribing the deposition can affix a Legend to the cover page and all appropriate pages of the transcript and to each copy thereof for dissemination to counsel and in compliance with this order.

B. A party or a witness may designate a deposition or trial transcript, or a portion thereof, disclosing, containing or referring to any "Confidential" or "Attorneys' Eyes Only" information or documents as "Confidential" or "Attorneys' Eyes Only"

7

by informing counsel for all other parties to this Action in writing within thirty (30) days after receipt of the transcript as to the specific pages and lines deemed confidential, and thereafter such pages and lines shall constitute "Confidential" or "Attorneys' Eyes Only" information or documents pursuant to this Protective Order. Upon receipt of such notice, any party in possession of copies of the transcript with the designated pages and lines shall affix the appropriate Legend thereto. During the 30-day interval following receipt of a transcript, the transcript shall be treated as "Confidential" or "Attorneys' Eyes Only."

VII. **DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS**

In the event that any "Confidential" or "Attorneys' Eyes Only" document or information, or information derived there from is included with, or the contents thereof are disclosed in any documents filed with the Clerk of this Court or any other court, including, without limitation, any pleadings, motion papers, briefs, or deposition transcripts, such documents shall be filed under seal ~~in an envelope bearing the words: ""Confidential" pursuant to Protective Order entered by the Court on [date] 2013" or filed through the Court's e-filing system under seal and, subject to the Court's convenience and needs, kept under seal~~ by the Clerk until further order of the Court. The party who has designated such materials as "Confidential" or "Attorneys' Eyes Only" shall within 14 days ~~10 business days thereafter~~ submit a motion to the Court to sustain the sealed status of such materials, a failure to do so constituting a waiver of such designated status.

[Margin note: Stricken by the court to comply with LR 10-5(b). Modified by the court.]

VIII. **DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION**

"Confidential" and/or "Attorneys' Eyes Only" information or documents may be offered in evidence at any hearing or the trial in this Action, provided that the parties have met, conferred, and agreed in advance of the hearing and/or trial as to how the information or documents will be used, including, by way of example, requesting that the Court designate that portion of the transcript containing the parties' discussion of the "Confidential" or "Attorneys' Eyes Only" information or documents as confidential and maintain it under seal, only to be produced to the parties' at their request. If the parties cannot agree about how the information or documents will

be used during a hearing, before or at the time of the hearing, the party designating such "Confidential" or "Attorneys' Eyes Only" status may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If such motion is made regarding evidence to be introduced at the time of trial, then the party designating such "Confidential" or "Attorneys' Eyes Only" status shall notify opposing counsel and the Court of its intent to make the motion sufficiently in advance of and outside the presence of the jury so that counsel has the opportunity to object to the evidence and/or an opportunity to seek appropriate protection from the Court outside the presence of the jury and before the information or documents are offered into evidence in open court. The Court will then determine whether the proffered evidence should continue to be treated as "Confidential" or "Attorneys' Eyes Only" and, if so, what protection, if any, may be afforded to such information at the hearing.

### IX.     SUBPOENA BY COURT OR OTHER AGENCIES

If at any time any document or information protected by this Protective Order is subpoenaed by any court, administrative, or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to any party which has designated such information "Confidential" or "Attorneys' Eyes Only." The party that received the subpoena shall object to production under Rule 45 of the Nevada Rules of Civil Procedure or any similar rule protecting the production of "Confidential" documents in that proceeding. After receipt of the notice specified under this paragraph, the designating party shall be responsible for obtaining any order it believes necessary to prevent disclosure of documents designated, and the party to whom the referenced subpoena or other request is directed shall produce such document or information only upon an order issued by a judge of a court of competent jurisdiction requiring such production.

### X.      CLIENT CONSULTATION

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped "Confidential" and/or "Attorneys' Eyes Only" information or documents; provided, however, that

in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraphs IV(A) and IV(B) above.

### XI.   COPIES OF DESIGNATED INFORMATION

The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of "Confidential" or "Attorneys' Eyes Only" information. Parties shall not duplicate "Confidential" or "Attorneys' Eyes Only" information or documents except working copies and for filing in Court under seal. All copies of any "Confidential" or "Attorneys' Eyes Only" information or documents shall be treated as provided in this Protective Order. Any party making, or causing to be made, copies of any such documents shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Protective Order.

### XII.   NO WAIVER

A. No "Confidential" or "Attorneys' Eyes Only" information or documents shall lose such status under this Protective Order as the result of the use of such information or documents in any hearing, trial, or other court proceeding in this Action, provided that such use is consistent with the terms of this Protective Order. Counsel to the parties in this Action shall confer at least five (5) days before any such hearing, trial, or other court proceeding in order to work out any objections to the use of any "Confidential" or Attorneys' Eyes Only" information or documents in such court proceeding and to make such amendments to this Protective Order which the parties agree are necessary to assure the continued confidentiality of such information.

B. Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Protective Order are reserved and are not waived by any terms of this Protective Order. The use of "Confidential" or "Attorneys' Eyes Only" information and documents as evidence

    at trial shall be subject to this Protective Order unless otherwise agreed to by the parties or modified by the Court.

  C. The inadvertent disclosure of "Confidential" or "Attorneys' Eyes Only" information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

  D. The inadvertent production of any document or other information during discovery in this Action shall be without prejudice to any claim that such material is privileged, prohibited, or protected from disclosure as privileged or work product, and no party shall be held to have waived any rights by reason of such inadvertent production.

## XIII. NON-TERMINATION

The termination of proceedings in this Action shall not relieve the parties from the obligation of maintaining the confidentiality of all information and documents produced and designated pursuant to this Protective Order, unless the parties otherwise agree, or the Court orders or permits otherwise. Upon the final disposition of this Action, all information and documents, including any summaries or abstracts of materials, however maintained, shall be kept completely "Confidential." Counsel for either party may use the "Confidential" information and documents only for the purpose of defending ethical charges or professional malpractice charges, and may not use "Confidential" information or documents in any subsequent lawsuit.

## XIV. INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS

  A. The inadvertent production of information that is subject to a claim of any privilege or other protection as trial preparation material shall not constitute a waiver of any privilege or protection, provided that the Producing Party notifies the receiving party in writing of the inadvertent production as soon as practicable following the Producing Party's discovery of the inadvertent production.

  B. Following the Producing Party's written notice of the inadvertent production, the receiving party shall promptly return, destroy, or delete from its databases all copies of the specified information, and shall make all reasonable efforts to retrieve the

information if the receiving party previously provided the information to third-parties.

C. The receiving party shall not assert a claim or argument in this or any other court, or legal preceding that the Producing Party's act of inadvertently producing the information constituted a waiver of the Producing Party's privilege or other protection over the information.

D. If there is a disagreement as to whether the specified information is privileged or subject to protection, the receiving party may present the information under seal to the Court for a determination. Until the court makes a determination of the privileged or protected status of the information, the receiving party shall not use in any way (including, but not limited to, using the information in depositions or at trial), nor disclose the information to other parties.

IT IS SO STIPULATED.

Dated this 3rd day of December, 2013.

JOHN PETER LEE, LTD.

/s/ James J. Lee
JOHN PETER LEE
Nevada Bar No. 1768
JAMES J. LEE
Nevada Bar No. 1909
830 Las Vegas Boulevard, South
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*
*Allen Katynski*

Dated this 3rd day of December, 2013.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Jamie L. Zimmerman
ANTHONY L. MARTIN
Nevada Bar No. 8177
JAMIE L. ZIMMERMAN
Nevada Bar No. 11749
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169

*Attorneys for Defendants*
*CertainTeed Gypsum Manufacturing, Inc.*
*and Saint-Gobain Corporation*

**ORDER**

IT IS SO ORDERED as modified by the court.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 11, 2013

12

# EXHIBIT A

## UNDERSTANDING AND AGREEMENT REGARDING "CONFIDENTIAL" INFORMATION AND DOCUMENTS

I hereby state that I have read and received a copy of the Stipulated Protective Order Governing the Confidentiality of Information and Documents (the "Order") in *Katynski v. CertainTeed Gypsum Manufacturing, Inc. et al.*, Case No. 2:13-cv-00752-APG-PAL, pending in the United States District Court, District of Nevada (the "Court"). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

_____
Signature

_____
Printed Name

_____
Dated